## UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF FLORIDA
## Case 0:20-cv-60827-AHS

ATP SCIENCE PROPRIETARY, LTD.,
an Australian proprietary limited
company, and ATP INSTITUTE
PROPRIETARY LIMITED, an Australian
proprietary limited company,

Plaintiffs,

          vs.

CAESAR BACARELLA, an individual,
ALPHA PRIME APPAREL, INC., a Florida
Corporation and ALPHA PRIME REGIMEN,
LLC, a Florida limited liability company,

Defendants.

_____/

## PLAINTIFFS' ANSWER AND AFFIRMATIVE DEFENSES TO THE COUNTERCLAIMS OF DEFENDANTS CAESAR BACARELLA, ALPHA PRIME APPAREL, INC., AND ALPHA PRIME REGIMEN, LLC AND THIRD-PARTY CLAIMS OF AP SPORTS REGIMEN, INC.

Plaintiffs, ATP Science Proprietary Ltd. ("ATP Science") and ATP Institute Proprietary Limited ("ATP Institute") (together, "ATP" or "Plaintiffs"), by and through the undersigned counsel, hereby file their Answer and Affirmative Defenses to Defendants Caesar Bacarella ("Bacarella"), Alpha Prime Apparel, Inc. ("AP Apparel") and Alpha Prime Regimen LLC's ("AP Regimen"), Counterclaims and Third-Party Plaintiff AP Sports Regimen, Inc.'s ("AP Sports") Third-Party Claims [CM/ECF 79] (collectively the Counterclaims and Third-Party Claims are referred to herein as the "Counterclaims")(collectively Bacarella, AP Apparel, AP Regimen and AP Sports are referred to herein at "Counterclaimants") and state as follows:

## ANSWER

1.       In response to Paragraph 1 of the Counterclaims Plaintiffs admit only that the Counterclaimants purport to have filed their Counterclaims pursuant to the Lanham Act and that they seek damages and other relief but deny any and all other allegations including but not limited to the inaccurate and incomplete description of them as "supplement companies" and any implications or assertions that Plaintiffs are in any way infringing with the Counterclaimants' rights or engaging in unfair competition.

2.       Plaintiffs lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 2 of the Counterclaims and therefore they are denied by operation of Fed. R. Civ. P. 8(b)(5).

3.       Plaintiffs lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 3, including all footnotes, of the Counterclaims and therefore they are denied by operation of Fed. R. Civ. P. 8(b)(5).

4.       Plaintiffs lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 4 of the Counterclaims and therefore they are denied by operation of Fed. R. Civ. P. 8(b)(5).

5.       Plaintiffs lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 5 of the Counterclaims and therefore they are denied by operation of Fed. R. Civ. P. 8(b)(5).

6.       In response to Paragraph 6 of the Counterclaims, Plaintiffs deny any and all allegations of "wrongful acts" including any implications or intended inferences therefrom and lack knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in the Paragraph.

7.      Plaintiffs lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 7 of the Counterclaims and therefore they are denied by operation of Fed. R. Civ. P. 8(b)(5).

8.      In response to Paragraph 8 of the Counterclaims, Plaintiffs admit only that ATP Science sells a supplement under the trademarked name of ALPHA PRIME but deny the remaining allegations set forth in Paragraph 8 and any intended implications or inferences therefrom.

9.      Plaintiffs deny the allegations set forth in Paragraph 9 of the Counterclaims.

10.     Plaintiffs deny the allegations set forth in Paragraph 10 of the Counterclaims.

11.     Plaintiffs deny the allegations set forth in Paragraph 11 of the Counterclaims.

12.     In response to Paragraph 12 of the Counterclaims, Plaintiffs admit only the footnote numbered 2 regarding ATP Institute's ownership of Registration for the use of the word mark referenced therein but deny any and all remaining allegations.

13.     Plaintiffs deny the allegations set forth in Paragraph 13 of the Counterclaims.

14.     In response to Paragraph 14 of the Counterclaims, Plaintiffs lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in the first sentence, and in response to the remainder of the Paragraph admit only that the Plaintiffs have file Counterclaims on the alleged basis and seeking the alleged relief, but deny and all wrongdoing and/or implications or inferences of wrongdoing.

15.     Plaintiffs admit on information and belief the allegations in Paragraph 15.

16.     Plaintiffs admit on information and belief the allegations in Paragraph 16.

17.     Plaintiffs admit on information and belief the allegations in Paragraph 17.

18.     Plaintiffs admit on information and belief the allegations in Paragraph 18.

19.     Plaintiffs lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 19 of the Counterclaims and therefore they are denied by operation of Fed. R. Civ. P. 8(b)(5).

20.     Plaintiffs deny the allegations in Paragraph 20.

21.     Plaintiffs deny the allegations in Paragraph 21.

22.     Plaintiffs lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 22 of the Counterclaims and therefore they are denied by operation of Fed. R. Civ. P. 8(b)(5).

23.     Plaintiffs admit the allegations in Paragraph 23.

24.     Plaintiffs admit the allegations in Paragraph 24.

25.     Plaintiffs admit the allegations in Paragraph 25.

26.     Plaintiffs deny the allegations set forth in Paragraph 26 of the Counterclaims.

27.     Plaintiffs lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 27 of the Counterclaims and therefore they are denied by operation of Fed. R. Civ. P. 8(b)(5).

28.     Plaintiffs lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 28 of the Counterclaims and therefore they are denied by operation of Fed. R. Civ. P. 8(b)(5).

29.     Plaintiffs lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 29 of the Counterclaims and therefore they are denied by operation of Fed. R. Civ. P. 8(b)(5).

30.     Plaintiffs lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 30 of the Counterclaims and therefore they are denied by operation of Fed. R. Civ. P. 8(b)(5).

31.     Plaintiffs lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 31 of the Counterclaims and therefore they are denied by operation of Fed. R. Civ. P. 8(b)(5).

32.     Plaintiffs lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 32 of the Counterclaims and therefore they are denied by operation of Fed. R. Civ. P. 8(b)(5).

33.     Plaintiffs lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 33 of the Counterclaims and therefore they are denied by operation of Fed. R. Civ. P. 8(b)(5).

34.     Plaintiffs lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 34 of the Counterclaims and therefore they are denied by operation of Fed. R. Civ. P. 8(b)(5).

35.     Plaintiffs lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 35, including all footnotes, of the Counterclaims and therefore they are denied by operation of Fed. R. Civ. P. 8(b)(5).

36.     Plaintiffs deny the allegations set forth in Paragraph 36 of the Counterclaims.

37.     Plaintiffs lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 37 of the Counterclaims and therefore they are denied by operation of Fed. R. Civ. P. 8(b)(5).

38.     Plaintiffs lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 38 of the Counterclaims and therefore they are denied by operation of Fed. R. Civ. P. 8(b)(5).

39.     Plaintiffs lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 39, including all subparts, of the Counterclaims and therefore they are denied by operation of Fed. R. Civ. P. 8(b)(5).

40.     Plaintiffs lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 40 of the Counterclaims and therefore they are denied by operation of Fed. R. Civ. P. 8(b)(5).

41.     Plaintiffs lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 41 of the Counterclaims and therefore they are denied by operation of Fed. R. Civ. P. 8(b)(5).

42.     Plaintiffs lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 42, including all subparts, of the Counterclaims and therefore they are denied by operation of Fed. R. Civ. P. 8(b)(5).

43.     Plaintiffs lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 43 of the Counterclaims and therefore they are denied by operation of Fed. R. Civ. P. 8(b)(5).

44.     Plaintiffs lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 44, including all subparts, of the Counterclaims and therefore they are denied by operation of Fed. R. Civ. P. 8(b)(5).

45.     Plaintiffs lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 45, including all subparts, of the Counterclaims and therefore they are denied by operation of Fed. R. Civ. P. 8(b)(5).

46.     Plaintiffs lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 46 of the Counterclaims and therefore they are denied by operation of Fed. R. Civ. P. 8(b)(5).

47.     Plaintiffs deny the allegations set forth in Paragraph 47 of the Counterclaims.

48.     Plaintiffs lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 48 of the Counterclaims and therefore they are denied by operation of Fed. R. Civ. P. 8(b)(5).

49.     Plaintiffs lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 49 of the Counterclaims and therefore they are denied by operation of Fed. R. Civ. P. 8(b)(5).

50.     Plaintiffs lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 50, including all subparts, of the Counterclaims and therefore they are denied by operation of Fed. R. Civ. P. 8(b)(5).

51.     Plaintiffs lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 51 of the Counterclaims and therefore they are denied by operation of Fed. R. Civ. P. 8(b)(5).

52.     Plaintiffs lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 52 of the Counterclaims and therefore they are denied by operation of Fed. R. Civ. P. 8(b)(5).

53.     Plaintiffs lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 53 of the Counterclaims and therefore they are denied by operation of Fed. R. Civ. P. 8(b)(5).

54.     Plaintiffs lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 54 of the Counterclaims and therefore they are denied by operation of Fed. R. Civ. P. 8(b)(5).

55.     Plaintiffs lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 55 of the Counterclaims and therefore they are denied by operation of Fed. R. Civ. P. 8(b)(5).

56.     Plaintiffs lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 56 of the Counterclaims and therefore they are denied by operation of Fed. R. Civ. P. 8(b)(5).

57.     In response to Paragraph 57 of the Counterclaims, Plaintiffs admit only, on information and belief, that the documents attached as Exhibit A are true and correct copies of what they purport to be but deny any and all remaining allegations and any implications or inferences the Counterclaimants intend to convey.

58.     Plaintiffs lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 58 of the Counterclaims and therefore they are denied by operation of Fed. R. Civ. P. 8(b)(5).

59.     Plaintiffs lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 59 of the Counterclaims and therefore they are denied by operation of Fed. R. Civ. P. 8(b)(5).

60.     Plaintiffs deny the allegations set forth in Paragraph 60 of the Counterclaims.

61.     Plaintiffs deny the allegations set forth in Paragraph 61 of the Counterclaims.

62.     Plaintiffs lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 62 of the Counterclaims and therefore they are denied by operation of Fed. R. Civ. P. 8(b)(5).

63.     Plaintiffs lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 63 of the Counterclaims and therefore they are denied by operation of Fed. R. Civ. P. 8(b)(5).

64.     Plaintiffs lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 64 of the Counterclaims and therefore they are denied by operation of Fed. R. Civ. P. 8(b)(5).

65.     In response to Paragraph 65 of the Counterclaims, Plaintiffs admit only that ATP Science sells supplements in addition to other types of products and services but deny the inaccurate and incomplete description of it as a supplement company and further deny the remaining allegations.

66.     In response to Paragraph 66 of the Counterclaims, Plaintiffs admit only that ATP Science uses a registered design mark that is similar to the illustration depicted therein, but deny the remaining allegations and characterizations contained therein.

67.     In response to Paragraph 67 of the Counterclaims, Plaintiffs admit that ATP Institute owns a registration for the use of the word mark "Alpha Prime", but deny the remaining allegations including but not limited to Counterclaimants' implication that ATP Institute's ownership of the mark is not absolute or confirmed and further deny the inaccurate and misleading definition of ATP Institute's registration and associated rights as being "asserted."

68.     Plaintiffs deny the allegations set forth in Paragraph 68 of the Counterclaims.

69.     Plaintiffs deny the allegations contained in Paragraph 69 of the Counterclaims and affirmatively state that ATP Institute filed an application for a registration on the basis of its foreign mark.

70.     In response to Paragraph 70 of the Counterclaims, Plaintiffs admit only that it received the registration numbered as stated but deny the inaccurate and misleading definition of its registration and associated rights as being "asserted."

71.     In response to Paragraph 71 of the Counterclaims, Plaintiffs admit only that the goods and services categories listed in subparts a. through h. were included in the trademark registration but denies the remaining allegations and any inferences or implications therefrom.

72.     Plaintiffs deny the allegations set forth in Paragraph 72 of the Counterclaims.

73.     Plaintiffs deny the allegations set forth in Paragraph 73 of the Counterclaims.

74.     Plaintiffs deny the allegations set forth in Paragraph 74 of the Counterclaims.

75.     Plaintiffs deny the allegations set forth in Paragraph 75 of the Counterclaims.

76.     Plaintiffs deny the allegations set forth in Paragraph 76 of the Counterclaims.

77.     In response to Paragraph 77 of the Counterclaims, Plaintiffs admit only that ATP Science uses the "ALPHA PRIME" mark in conjunction with the sale of a supplement and the words "ATP SCIENCE" appear on the label in a type size that is smaller than the words "ALPHA PRIME," but deny the remaining allegations and any intended implications or inferences therefrom.

78.     Plaintiffs deny the allegations set forth in Paragraph 78, of the Counterclaims.

79.     In response to Paragraph 79 of the Counterclaims, Plaintiffs admit only that the words "ATP SCIENCE" appear on the front of its supplement labels but deny the remaining allegations.

80.     Plaintiffs deny the allegations set forth in Paragraph 80 of the Counterclaims.

81.     Plaintiffs deny the allegations set forth in Paragraph 81 of the Counterclaims.

82.     Plaintiffs deny the allegations set forth in Paragraph 82 of the Counterclaims.

83.     Plaintiffs deny the allegations set forth in Paragraph 83 of the Counterclaims.

84.     Plaintiffs deny the allegations set forth in Paragraph 84 of the Counterclaims.

85.     Plaintiffs deny the allegations set forth in Paragraph 85 of the Counterclaims.

86.     Plaintiffs deny the allegations set forth in Paragraph 86 of the Counterclaims.

87.     Plaintiffs deny the allegations set forth in Paragraph 87 of the Counterclaims.

88.     Plaintiffs deny the allegations set forth in Paragraph 88 of the Counterclaims.

89.     Plaintiffs deny the allegations set forth in Paragraph 89 of the Counterclaims.

90.     In response to Paragraph 90 of the Counterclaims, Plaintiffs admit only that the target audience and consumers are likely to overlap, but deny any and all remaining allegations including, but without limitation, any implication or statement that the Plaintiffs are infringing with the Counterclaimants' rights.

91.     Plaintiffs deny the allegations set forth in Paragraph 91 of the Counterclaims.

92.     Plaintiffs lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 92 of the Counterclaims and therefore they are denied by operation of Fed. R. Civ. P. 8(b)(5).

93.     In response to Paragraph 93 of the Counterclaims, Plaintiffs incorporate their responses to Paragraphs 1 through 92 of the Counterclaims, as if fully re-written herein.

94.     In response to Paragraph 94 of the Counterclaims, Plaintiffs admit that ATP Institute owns a Registration for the use of the word mark "Alpha Prime" but deny the

Counterclaimants implication that the ownership is merely a "claim" or that the Registration is somehow limited to being a "term."

95.     Plaintiffs admit the allegations in Paragraph 95.

96.     Plaintiffs deny the allegations set forth in Paragraph 96, including any footnotes, of the Counterclaims.

97.     Plaintiffs deny the allegations set forth in Paragraph 97 of the Counterclaims.

98.     Plaintiffs deny the allegations set forth in Paragraph 98 of the Counterclaims.

99.     Plaintiffs deny the allegations set forth in Paragraph 99 of the Counterclaims.

100.    Plaintiffs deny the allegations set forth in Paragraph 100 of the Counterclaims.

101.    In response to Paragraph 101 of the Counterclaims, Plaintiffs state that the allegations do not contain factual recitations to which a response is required but rather state conclusions of law or Counterclaimants' opinions of conclusions of law. To the extent that the allegations are deemed or determined to assert factual matters requiring response, the Plaintiffs deny.

102.    Plaintiffs lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 102 of the Counterclaims and therefore they are denied by operation of Fed. R. Civ. P. 8(b)(5).

103.    Plaintiffs deny the allegations set forth in Paragraph 103 of the Counterclaims.

104.    In response to Paragraph 104 of the Counterclaims, Plaintiffs state that the allegations do not contain factual recitations to which a response is required but rather state conclusions of law or Counterclaimants' opinions of conclusions of law. To the extent that the allegations are deemed or determined to assert factual matters requiring response, the Plaintiffs deny.

105.    In response to Paragraph 105 of the Counterclaims, Plaintiffs incorporate their responses to Paragraphs 1 through 92 of the Counterclaims, as if fully re-written herein.

106.    In response to Paragraph 106 of the Counterclaims, Plaintiffs lack knowledge or information sufficient to form a belief about the truth of the allegation that Bacarella owns the registered mark referenced because "ALPHA PRIME Mark" in the singular is undefined in the Counterclaims and therefore they are denied by operation of Fed. R. Civ. P. 8(b)(5).

107.    Plaintiffs lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 107 of the Counterclaims and therefore they are denied by operation of Fed. R. Civ. P. 8(b)(5).

108.    Plaintiffs lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 108 of the Counterclaims and therefore they are denied by operation of Fed. R. Civ. P. 8(b)(5).

109.    Plaintiffs deny the allegations set forth in Paragraph 109 of the Counterclaims.

110.    Plaintiffs deny the allegations set forth in Paragraph 110 of the Counterclaims.

111.    In response to Paragraph 111 of the Counterclaims Plaintiffs admit that they generally act without the consent of AP and further state that no consent is required for any of Plaintiffs' action or inactions.

112.    Plaintiffs deny the allegations set forth in Paragraph 112 of the Counterclaims.

113.    Plaintiffs deny the allegations set forth in Paragraph 113 of the Counterclaims.

114.    Plaintiffs deny the allegations set forth in Paragraph 114 of the Counterclaims.

115.    Plaintiffs deny the allegations set forth in Paragraph 115 of the Counterclaims.

116.    In response to Paragraph 116 of the Counterclaims, Plaintiffs incorporate their responses to Paragraphs 1 through 92 of the Counterclaims, as if fully re-written herein.

117.    Plaintiffs deny the allegations set forth in Paragraph 117 of the Counterclaims.

118.    Plaintiffs deny the allegations set forth in Paragraph 118 of the Counterclaims.

119.    Plaintiffs deny the allegations set forth in Paragraph 119 of the Counterclaims.

120.    Plaintiffs deny the allegations set forth in Paragraph 120 of the Counterclaims.

121.    Plaintiffs deny the allegations set forth in Paragraph 121 of the Counterclaims.

122.    Plaintiffs deny the allegations set forth in Paragraph 122 of the Counterclaims.

123.    Plaintiffs deny the allegations set forth in Paragraph 123 of the Counterclaims.

124.    In response to Paragraph 124 of the Counterclaims, Plaintiffs incorporate their responses to Paragraphs 1 through 92 of the Counterclaims, as if fully re-written herein.

125.    Plaintiffs deny the allegations set forth in Paragraph 125 of the Counterclaims.

126.    Plaintiffs lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 126 of the Counterclaims and therefore they are denied by operation of Fed. R. Civ. P. 8(b)(5).

127.    Plaintiffs deny the allegations set forth in Paragraph 127 of the Counterclaims.

128.    Plaintiffs deny the allegations set forth in Paragraph 128 of the Counterclaims.

129.    Plaintiffs deny the allegations set forth in Paragraph 129 of the Counterclaims.

130.    Plaintiffs deny the allegations set forth in Paragraph 130 of the Counterclaims.

131.    Plaintiffs deny the allegations set forth in Paragraph 131 of the Counterclaims.

132.    Plaintiffs deny the allegations set forth in Paragraph 132 of the Counterclaims.

133.    Plaintiffs deny the allegations set forth in Paragraph 133 of the Counterclaims.

134.    Plaintiffs deny the allegations set forth in Paragraph 134 of the Counterclaims.

135.    In response to Paragraph 135 of the Counterclaims, Plaintiffs incorporate their responses to Paragraphs 1 through 92 of the Counterclaims, as if fully re-written herein.

136.    Plaintiffs deny the allegations set forth in Paragraph 136 of the Counterclaims.

137.    Plaintiffs lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 137 of the Counterclaims and therefore they are denied by operation of Fed. R. Civ. P. 8(b)(5).

138.    Plaintiffs lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 138 of the Counterclaims and therefore they are denied by operation of Fed. R. Civ. P. 8(b)(5).

139.    Plaintiffs deny the allegations set forth in Paragraph 139 of the Counterclaims.

140.    Plaintiffs deny the allegations set forth in Paragraph 140 of the Counterclaims.

141.    Plaintiffs lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 141 of the Counterclaims and therefore they are denied by operation of Fed. R. Civ. P. 8(b)(5).

142.    Plaintiffs deny the allegations set forth in Paragraph 142 of the Counterclaims.

143.    Plaintiffs lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 143 of the Counterclaims and therefore they are denied by operation of Fed. R. Civ. P. 8(b)(5).

144.    Plaintiffs lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 144 of the Counterclaims and therefore they are denied by operation of Fed. R. Civ. P. 8(b)(5).

145.    Plaintiffs deny the allegations set forth in Paragraph 145 of the Counterclaims.

146.    In response to Paragraph 146, of the Counterclaims, Plaintiffs state that the allegations do not contain factual recitations to which a response is required but rather state conclusions of law or Counterclaimants' opinions of conclusions of law. To the extent that the

allegations are deemed or determined to assert factual matters requiring response, the Plaintiffs deny.

147.    Plaintiffs deny the allegations set forth in Paragraph 147 of the Counterclaims.

148.    Plaintiffs lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 148 of the Counterclaims and therefore they are denied by operation of Fed. R. Civ. P. 8(b)(5).

149.    Plaintiffs deny the allegations set forth in Paragraph 149 of the Counterclaims.

150.    Plaintiffs deny the allegations set forth in Paragraph 150 of the Counterclaims.

151.    In response to Paragraph 151 of the Counterclaims, Plaintiffs incorporate their responses to Paragraphs 1 through 92 of the Counterclaims, as if fully re-written herein.

152.    Plaintiffs deny the allegations set forth in Paragraph 152 of the Counterclaims.

153.    In response to Paragraph 153 of the Counterclaims, Plaintiffs admit that ATP Institute owns a Registration for the use of the word mark "Alpha Prime" and admits ATP Institute's rights are sufficient to prevent the conduct of AP Apparel, or anyone, as specifically described in Paragraph 153 and further state that AP Institute's rights encompass more than the ability to restrict the specific conduct set forth in Paragraph 153.

154.    Plaintiffs lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 154 of the Counterclaims and therefore they are denied by operation of Fed. R. Civ. P. 8(b)(5).

155.    Plaintiffs deny the allegations set forth in Paragraph 155 of the Counterclaims.

156.    Plaintiffs deny the allegations set forth in Paragraph 156 of the Counterclaims.

157.    Plaintiffs deny the allegations set forth in Paragraph 157 of the Counterclaims.

158.    Plaintiffs deny the allegations set forth in Paragraph 158 of the Counterclaims.

159.    Plaintiffs deny the allegations set forth in Paragraph 159 of the Counterclaims.

160.    Plaintiffs deny the allegations set forth in Paragraph 160 of the Counterclaims.

161.    Plaintiffs deny any and all claims for relief contained in the Counterclaims.

162.    Plaintiffs deny any and all allegations contained in the Counterclaim that have not been expressly admitted herein.

163.    Plaintiffs reserve the right to amend their answers to the allegations in the Counterclaims in accordance with the civil and/or evidentiary rules.

**AFFIRMATIVE DEFENSES**

1.    The Counterclaims are barred by the doctrine of estoppel because Counterclaimants unreasonably delayed in their assertion of rights in the ALPHA PRIME mark for supplements. Indeed, Counterclaimants waited nearly four years after Plaintiffs applied for a federal registration in the U.S. for the ALPHA PRIME mark for supplements before challenging Plaintiffs' registration, resulting in prejudice to Plaintiffs.

2.    The Counterclaims are barred by the doctrine of waiver because Counterclaimants unreasonably delayed in their assertion of rights in the ALPHA PRIME mark for supplements. Indeed, Counterclaimants waited nearly four years after Plaintiffs applied for a federal registration in the U.S. for the ALPHA PRIME mark for supplements before challenging Plaintiffs' registration, resulting in prejudice to Plaintiffs.

3.    The Counterclaims are barred by the doctrine of acquiescence because Counterclaimants unreasonably delayed in their assertion of rights in the ALPHA PRIME mark for supplements.  Indeed, Counterclaimants waited nearly four years after Plaintiffs applied for a

federal registration in the U.S. for the ALPHA PRIME mark for supplements before challenging Plaintiffs' registration, resulting in prejudice to Plaintiffs.

4.      The Counterclaims are barred by the doctrine laches because Counterclaimants unreasonably delayed in their assertion of rights in the ALPHA PRIME mark for supplements. Indeed, Counterclaimants waited nearly four years after Plaintiffs applied for a federal registration in the U.S. for the ALPHA PRIME mark for supplements before challenging Plaintiffs' registration, resulting in prejudice to Plaintiffs.

5.      The Counterclaims are barred because the doctrine of natural expansion does not confer rights upon the Counterclaimants because, among other things, transitioning from clothing products to bodybuilding supplements is not a natural expansion.

6.      The Counterclaims are barred because Counterclaimants cannot establish priority in the ALPHA PRIME mark for supplements based on the doctrine of natural expansion.

7.      Equitable considerations preclude the application of the doctrine of natural expansion as requested in the Counterclaims because a trademark owner cannot by the normal expansion of its business extend the use or registration of its mark to distinctly different goods or services not comprehended by its previous use where the result could be a conflict with valuable intervening rights established by another through use of the same or similar mark for like or similar goods and services. *See Carnival Brand Seafood Co. v. Carnival Brands, Inc.,* 187 F.3d 1307, 1310 (11th Cir.1999).

8.      The Counterclaims fail to state a claim because the Counterclaims fail to allege that the Plaintiffs' use of ALPHA PRIME was likely to cause confusion at the time the Plaintiffs began using the ALPHA PRIME mark in the U.S.

9.      The Counterclaims fail to state a claim because the Counterclaims fail to plead the date or time frame of Plaintiffs' alleged intervening use.

10.     The Counterclaims fail to state a claim because the Counterclaims fail to plead any facts describing how they were using the ALPHA PRIME mark, what products were being sold in conjunction with the ALPHA PRIME mark, or what channels were being used to sell such ALPHA PRIME products at the relevant time when Plaintiffs began using the ALPHA PRIME mark in the U.S.

11.     The Counterclaims are barred, in part, because even assuming, *arguendo*, the Counterclaimants can establish priority as a senior user of the ALPHA PRIME mark for any category of goods or services, the rights are geographically limited.

12.     The Counterclaims are barred because ATP Institute received a U.S. trademark registration #5,430,591 for ALPHA PRIME on March 27, 2018, thus entitling it the exclusive right to use the name ALPHA PRIME in conjunction with supplements and similar categories of goods.

13.     The Counterclaims are barred because Bacarella filed a trademark application with the serial number 88672944 for the word mark ALPHA PRIME REGIMEN for use with dietary supplements, nutritional supplements, protein supplements and vitamin supplements but the application was rejected and the USPTO trademark examiner issued an Office Action refusing the ALPHA PRIME REGIMEN trademark application.

14.     The Counterclaims are barred because Counterclaimants do not have and cannot establish trademark rights in the ALPHA PRIME mark for the category of goods and services that includes supplements.

15.     The Counterclaims for "willful and deliberate infringement" and/or punitive damages are barred because Counterclaimants have never put Plaintiffs on notice of their allegations that Plaintiffs are infringing on any of Counterclaimants' rights or trademarks.

16.     The law of the case doctrine bars some or all of the Counterclaims by reason of the Court's issuing a preliminary injunction in favor of the Plaintiffs. [CM/ECF 28 and CM/ECF 40].

17.     The Counterclaims for declaratory judgment are an improper collateral attack on this Court's Preliminary Injunction Order, and are barred.

18.     The Counterclaims are barred because Counterclaimants have abandoned both the phrase "Alpha Prime" and the word mark "ALPHA PRIME REGIMEN," as it pertains to the sale of supplements.

21.     Plaintiffs give notice that they may rely upon and use these and any other defenses as they become available or apparent during the course of discovery and hereby reserve the right to amend its Answer to assert or reassert such defenses.

**WHEREFORE**, having fully answered the Counterclaims and Third-Party Complaint, Plaintiffs respectfully request that the Counterclaims and Third-Party Complaint be dismissed with prejudice, with all costs being paid by Counterclaimants and Third-Party Plaintiff.

Dated: February 19, 2021

Respectfully submitted,

/s/ *Deborah Baker*, Esq.
DEBORAH BAKER, ESQ.
Florida Bar No.: 294380
RACHEL E. WALKER, ESQ.
Florida Bar No. 0111802
SMGQ LAW
Satellite Office – One Biscayne Tower
2 South Biscayne Blvd, 34th Floor
Miami, FL 33131
Office Phone: (305) 377-1000

Direct Phone: (786) 304-1543
Direct Fax: (855) 327-0391
Primary Email: Dbaker@smgqlaw.com
Primary E-mail: RWalker@smgqlaw.com
Secondary E-mail: Aalbuerne@smgqlaw.com

*-and-*

*/s/ John W. Becker, Esq.*
JOHN W. BECKER, ESQ.
Ohio Bar No.: 0065491
CHRISTINE GARRITANO, ESQ.
Ohio Bar No.: 0078423
HARPST BECKER LLC
1559 Corporate Woods Pkwy., Suite 250
Uniontown, OH 44685
Telephone: (330) 983-9971
Facsimile: (330) 983-9981
Primary E-mail: jbecker@harpstbecker.com
Primary E-mail: cgarritano@harpstbecker.com

*Pro Hac Vice Admission*
*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on February 19, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

By:    */s/ Deborah Baker, Esq.*
       Deborah Baker